**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana



FILED

Dec 17 2012, 9:25 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SHELLY WATSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1204-CR-204 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Teresa Hall, Commissioner
Cause No. 49F10-1106-CM-039842

**December 17, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

Shelly Watson appeals her conviction for public intoxication, a Class B misdemeanor. Watson raises one issue on appeal, which we restate as whether sufficient evidence was presented to sustain her conviction for public intoxication. Concluding that sufficient evidence was presented to support her conviction, we affirm.

## Facts and Procedural History

On June 4, 2011, Indianapolis Metropolitan Police Officer Jonathan Koers was dispatched to respond to a reported domestic disturbance. When Officer Koers arrived at the home, he found Watson standing in the middle of the street, belligerently screaming at people in a yard nearby. Watson's eyes were bloodshot, her speech was slurred, her breath smelled "highly" of alcohol, and she was unsteady on her feet. Transcript at 10. Several witnesses were present and one stated that Watson had struck her in the head. Officer Koers determined that Watson was intoxicated and placed her under arrest for public intoxication and battery.

The State charged Watson with public intoxication, a Class B misdemeanor.[1] The trial court found Watson guilty of public intoxication and sentenced her to 180 days in the Indiana Department of Correction with 178 days suspended and two days credit. Watson was ordered by the court to attend six Alcoholics Anonymous classes and to pay court costs of one hundred and sixty-five dollars, as well as a one dollar fine. Watson now appeals her conviction.

---

[1] The State also charged Watson with battery, a Class A misdemeanor, but dismissed this charge before trial.

## Discussion and Decision

### I.  Standard of Review

Our standard of review with regard to sufficiency claims is well settled.  In reviewing a sufficiency of the evidence claim, this court does not reweigh the evidence or judge the credibility of the witnesses.  Lainhart v. State, 916 N.E.2d 924, 939 (Ind. Ct. App. 2009).  We will consider only the evidence most favorable to the judgment and the reasonable inferences drawn therefrom and will affirm if the evidence and those inferences constitute substantial evidence of probative value to support the judgment.  Id. Reversal is appropriate only when reasonable persons would not be able to form inferences as to each material element of the offense.  Id.  "[U]pon the element of intoxication, it is established that a non-expert witness may offer an opinion upon intoxication, and a conviction may be sustained upon the sole testimony of the arresting officer."  Wright v. State, 772 N.E.2d 449, 460 (Ind. Ct. App. 2002).

### II.  Conviction for Public Intoxication

To convict Watson of public intoxication, the State was required to prove that she was "'in a public place or a place of public resort in a state of intoxication caused by [her] use of alcohol.'"  Woodson v. State, 966 N.E.2d 135, 142 (Ind. Ct. App. 2012) (quoting Ind. Code § 7.1-5-1-3 (2005)), trans. denied.  A person is in a state of intoxication if, due to the use of alcohol, "there is an impaired condition of thought and action and the loss of normal control of a person's faculties."  Ind. Code § 9-13-2-86.

> "[I]mpairment can be established by evidence of: (1) the consumption of significant amount of alcohol; (2) impaired attention and reflexes; (3) watery or bloodshot eyes; (4) the odor of alcohol on the breath; (5) unsteady balance; (6) failure of field sobriety tests; and (7) slurred speech."

<u>Woodson v. State</u>, 966 N.E.2d at 142. "[A] person's impairment is to be determined by considering his capability as a whole, not component by component." <u>Id</u>. at 142 (concluding evidence of three of the seven indications of impairment was sufficient to support a finding of impairment).

Watson does not challenge that she was in a public place. She challenges only the sufficiency of the evidence showing that she was in a state of intoxication. Officer Koers testified that at the time of the incident, Watson had bloodshot eyes, the odor of alcohol on her breath, unsteady balance, and slurred speech. Meeting four of the seven criteria for impairment, a reasonable person could infer that Watson was intoxicated. Watson's screaming and belligerent behavior serves as additional evidence of her intoxication.

Watson argues that Officer Koers's testimony alone does not provide sufficient evidence without a field sobriety or breathalyzer test. Watson also urges this court to reweigh Officer Koers's testimony against the testimony of Charles Smith, Watson's ex-boyfriend. Conviction for public intoxication does not rest or rely on sobriety or breathalyzer tests and may be sustained solely based on the testimony of the arresting officer. <u>Wright</u>, 772 N.E.2d at 460 (Ind. Ct. App. 2002). It is also well settled that this court will not reweigh evidence or review the credibility of witnesses when reviewing sufficiency of the evidence. <u>Lainhart</u>, 916 N.E.2d at 939 (Ind. Ct. App. 2009). Because Officer Koers's testimony adequately establishes that Watson met four of the seven criteria for impairment, the Court could reasonably infer that she was intoxicated at the time of her arrest.

4

<u>Conclusion</u>

Sufficient evidence was offered to prove that Watson was in a state of intoxication at the time of her arrest. Therefore, the trial court was correct in entering a judgment of conviction against Watson for public intoxication as a Class B misdemeanor.

Affirmed.

MAY, J., and PYLE, J., concur.